

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF FLORIDA

MARIO MIRABAL,

Relator,

v.

DEUTSCHE BANK NATIONAL TRUST COMPANY,

Defendant.

Case No. 1:24-cv-24749-CMA

## NOTICE OF RELATOR'S SUPPLEMENTAL DISCLOSURE TO GOVERNMENT AGENCIES

Relator, Mario Mirabal, respectfully notifies the Court that on March 23, 2026, he formally submitted a Master Evidentiary Referral and Supplemental Disclosure pursuant to 31 U.S.C. § 3730(b)(2) to the following federal agencies:

The United States Department of Justice (DOJ).

The Federal Deposit Insurance Corporation, Office of Inspector General (FDIC-OIG).

The Securities and Exchange Commission (SEC).

Relator provides this notice to confirm his ongoing compliance with the disclosure requirements of the False Claims Act and to ensure the record reflects the current status of materials provided for the government's investigation. A copy of the master referral index is attached hereto as Exhibit A.

Respectfully submitted this 24th day of March, 2026.

/s/ Mario Mirabal

Mario Mirabal, Pro Se / Relator

563 w 49 st

Miami Beach FL, 33140


Maling Address

1026 SW 2nd Ave #304

Miami, FL 33130

solphax@gmail.com


CERTIFICATE OF SERVICE


I hereby certify that on March 22, 2026, a true and correct copy of the Master Evidentiary Referral (filed herewith as Exhibit A) was served via United States Mail upon the following parties as part of the Relator's supplemental disclosure obligations:


U.S. Department of Justice

Civil Division – Commercial Litigation Branch, Fraud Section

Attn: FCA Whistleblower Coordinator

P.O. Box 261, Ben Franklin Station

Washington, DC 20044


United States Attorney's Office

Southern District of Florida

Attn: Civil Division / Affirmative Civil Enforcement

99 N.E. 4th Street

Miami, FL 33132

Respectfully submitted,

Mario Mirabal, Pro Se / Relator

# EXHIBIT A

UNITED STATES DEPARTMENT OF JUSTICE

CIVIL DIVISION – COMMERCIAL LITIGATION BRANCH

FRAUD SECTION


Attn: FCA Whistleblower Coordinator

P.O. Box 261

Ben Franklin Station

Washington, DC 20044

and

U.S. Attorney's Office

Southern District of Florida

Attn: Civil Division / Affirmative Civil Enforcement

99 N.E. 4th Street

Miami, FL 33132


RE: FALSE CLAIMS ACT DISCLOSURE SUPPLEMENT, CRIMINAL
RICO REFERRAL, AND REQUEST FOR FEDERAL INVESTIGATION


RELATOR:

Mario Mirabal

563 W. 49th Street

Miami Beach, FL 33140

solphax@gmail.com

FCA CASE NUMBER:

1:24-cv-24749-CMA

United States District Court

Southern District of Florida


RELATED CIVIL RIGHTS / RICO ACTION:

1:25-cv-26113-CMA

(Transferred from SDNY Case No. 1:25-cv-07419)

United States District Court

Southern District of Florida


RELATED FEDERAL PROCEEDINGS:


SDNY Civil Action: 1:25-cv-07423-LJL-OTW


Second Circuit Mandamus: Case No. 26-292


DEFENDANTS / SUBJECT ENTITIES:

Deutsche Bank National Trust Company,

as Trustee for IndyMac INDX Mortgage Loan Trust 2007-AR5


PHH Mortgage Corporation

KP Investments Miami, LLC

Carlos Perez (Agent of KP Investments)

Associated foreclosure counsel and entities, including but not limited to:

Adorno & Cunill, Damas Law, and related parties

NATURE OF SUBMISSION

This submission constitutes:

Supplemental Disclosure under the False Claims Act (31 U.S.C. § 3730(b)(2))

Formal Criminal Referral for Investigation under Federal RICO Statutes (18 U.S.C. §§ 1961–1968)

Request for Coordinated Investigation by the Department of Justice and the Federal Bureau of Investigation

SUMMARY OF MISCONDUCT

This submission presents documentary, forensic, and computationally

verifiable evidence of:

A systematic scheme involving the fabrication and recording of mortgage assignments executed by a defunct entity (IndyMac Bank, F.S.B.) post-FDIC receivership

Nationwide misuse of securitized trust structures governed by New York law (IndyMac INDX Mortgage Loan Trust 2007-AR5)

Violation of trust closing provisions and New York Estates Powers & Trusts Law (EPTL § 7-2.4)

Use of fraudulent assignments to initiate and sustain foreclosure, bankruptcy, and ejectment proceedings

Reliance on intermediary entities (e.g., Carlos Perez - KP Investments Miami, LLC) to effectuate unlawful property transfers

Perjured testimony and false representations in judicial proceedings

Interstate racketeering activity involving property records, courts, and financial institutions

SCOPE OF FRAUD IDENTIFIED

Over 300 fraudulent assignments identified in Miami-Dade County alone

Assignments executed between 2010 and 2025, all sharing identical structural defects

Evidence indicates thousands of similar assignments nationwide

four (4) individual assignments analyzed in detail and submitted as FCA exhibits

The subject property (Relator's homestead) serves as a representative example of the broader scheme

CORE FEDERAL VIOLATIONS IMPLICATED

This submission implicates, inter alia:

False Claims Act (31 U.S.C. § 3729 et seq.)

RICO (18 U.S.C. §§ 1961–1968)

Mail and Wire Fraud (18 U.S.C. §§ 1341, 1343)

Bank Fraud (18 U.S.C. § 1344)

Securities Fraud (15 U.S.C. §§ 77q(a), 78j(b); 18 U.S.C. § 1348)

False Statements (18 U.S.C. § 1001)

Perjury (18 U.S.C. § 1621)

Obstruction of Justice (18 U.S.C. § 1503)

Money Laundering (18 U.S.C. §§ 1956–1957)

FDIC Receivership Violations (12 U.S.C. § 1821(d))

PURPOSE OF THIS SUBMISSION

This filing is intended to:

Provide federal investigators with a structured evidentiary roadmap

Demonstrate that the Relator's case is not isolated, but part of a systemic, ongoing fraud scheme

Request formal criminal investigation and enforcement action

Preserve the record for federal coordination across civil, criminal, and regulatory bodies

CONFIDENTIALITY NOTICE

This submission references materials originally provided under seal pursuant to

31 U.S.C. § 3730(b)(2) and is intended for use by authorized federal personnel only.

Respectfully submitted,

/s/ Mario Mirabal

Mario Mirabal

Relator / Plaintiff Pro Se

Dated: 22, 2026

UNITED STATES DEPARTMENT OF JUSTICE

FALSE CLAIMS ACT DISCLOSURE STATEMENT

FORENSIC EVIDENTIARY INDEX & DOCUMENT-BASED FRAUD
STRUCTURE

(IndyMac INDX Mortgage Loan Trust 2007-AR5 — Deutsche Bank / PHH
Mortgage Corporation)

## I. GOVERNING TRUST INSTRUMENT (PSA)

Pooling and Servicing Agreement

IndyMac INDX Mortgage Loan Trust 2007-AR5

Dated: March 1, 2007

Record Citation:

Mirabal v. Deutsche Bank National Trust Company,

Case No. 1:25-cv-07423-LJL-OTW (S.D.N.Y.)

ECF No. 22 (Plaintiff's Evidentiary Appendix including PSA)

Relevant Provisions

Article II — Conveyance of Mortgage Loans

Sections 2.01–2.02 — Transfer and delivery of mortgage loans

Definition and requirement of Mortgage Loan Schedule (Schedule A)

Forensic Findings

The PSA governs the creation and funding of the trust as of March 2007

The PSA requires identification of mortgage loans through a defined schedule

The PSA entered into the federal record contains no Mortgage Loan Schedule identifying the subject loan (563 W 49 St, Miami Beach, FL)

No record evidence establishes that the subject mortgage was conveyed into the trust at or before the PSA closing date

Evidentiary Significance

Trust ownership is asserted without documentary proof of acquisition

The governing trust instrument does not identify the subject loan as part of the securitized pool

## II. RECORDED ASSIGNMENT OF MORTGAGE (POST-CLOSING TRANSFER)

Assignment of Mortgage

Miami-Dade County, Florida

CFN: 2010R0438138

Official Records Book 27336, Page 3372

Execution Date: June 10, 2010

Document Characteristics

Assignor: IndyMac Bank, F.S.B.

Assignee: Deutsche Bank National Trust Company, as Trustee

Executed by: Erica A. Johnson-Seck, Attorney in Fact

Prepared by: Law Offices of David J. Stern

Forensic Findings:

The assignment was executed more than three years after the PSA closing date

IndyMac Bank, F.S.B. entered FDIC receivership in July 2008

The assignment purports to transfer the mortgage into a trust already closed in 2007

No recorded corporate authority or power of attorney is provided for the executing signatory

Evidentiary Significance:

The assignment operates as a post-closing transfer instrument

The document substitutes for missing trust acquisition evidence

The assigning entity lacked operational capacity at the time of execution

## III. BANKRUPTCY PROCEEDINGS — ASSERTION OF TRUST OWNERSHIP

Case: In re Mirabal

Case No. 23-20131-CLC

U.S. Bankruptcy Court, Southern District of Florida

A. Proof of Claim — Deutsche Bank National Trust Company

Record Citation:

Claims Register — Case No. 23-20131-CLC

Forensic Findings:

Deutsche Bank asserts secured creditor status as trustee

The claim relies on assignment-based documentation

No PSA Mortgage Loan Schedule is produced

No evidence is presented establishing transfer of the loan into the trust pior to closing

Evidentiary Significance:

Assertion of secured status without documentary proof of trust acquisition

Reliance on post-closing assignment rather than PSA-compliant transfer

B. Objection to Confirmation — Deutsche Bank

Docket Entry No. 60

Filed May 7, 2024

Forensic Findings:

Deutsche Bank reasserts ownership and secured claim status

No PSA loan schedule or trust acquisition record is introduced

Evidentiary Significance:

Reaffirmation of ownership claim without underlying securitization evidence

C. Motion for Relief from Stay — KP Investments Miami, LLC

Docket Entry No. 71

Filed July 2, 2024

Forensic Findings

KP Investments asserts ownership rights to the same property

Competing claims arise from separate chains of title

Evidentiary Significance:

Multiple entities assert rights to the same property based on overlapping or conflicting documentation

D. Order Granting Relief from Stay

Docket Entry No. 87

Entered August 21, 2024

Forensic Findings:

Relief granted without adjudication of PSA compliance

No determination of trust ownership or validity of assignment

No resolution of competing claims

Evidentiary Significance:

Enforcement permitted without resolving underlying ownership defects

E. Adversary Proceedings

Adversary Case No. 24-01418-CLC (Deutsche Bank)

Docket Entry No. 115

Adversary Case No. 24-01419-CLC (KP Investments)

Docket Entry No. 118

Forensic Findings

Claims raised include:

invalid lien

fraudulent conveyance

lack of ownership

Evidentiary Significance:

Direct challenges to the assignment and ownership structure formally entered into the record

F. Notice of Property Transfer

Docket Entry No. 135

Filed November 22, 2024

Forensic Findings:

Notice filed confirming transfer of subject property to KP Investments

Transfer occurs durring unresolved ownership disputes

Evidentiary Significance:

Final disposition of property derived from contested chain of title

## IV. STATE COURT FORECLOSURE RECORD

Case: Deutsche Bank National Trust Company v. Birencwajg

Case No. 2018-018704-CA-01

Order of Dismissal Without Prejudice

Entered December 3, 2024

Forensic Findings:

Court ordered return of original loan documents

Court directed substitution of photocopies into the record

Evidentiary Significance:

Original documentary evidence removed from court file

Replacement of original instruments with copies prior to continued litigation

## V. FEDERAL DISTRICT COURT PROCEEDINGS (SDNY)

Case: Mirabal v. Deutsche Bank National Trust Company

Case No. 1:25-cv-07423-LJL-OTW

Key Record Citations

ECF No. 22 — PSA and evidentiary appendix

ECF No. 31 — Transfer Order (Magistrate Judge Wang)

ECF No. 34 — Order affirming transfer (Judge Liman)

ECF Nos. 36–43 — Rule 60(b) and Rule 60(d)(3) submissions

Forensic Findings:

PSA inconsistencies and assignment defects formally submitted

Court did not adjudicate evidentiary issues prior to transfer

Case transferred without addressing ownership defects

Evidentiary Significance:

Federal court received but did not resolve material evidence concerning validity of the assignment and trust ownership

## VI. UNITED STATES COURT OF APPEALS — SECOND CIRCUIT

Case: In re Mirabal

Case No. 26-292

Key Record Citations:

Docket Entry No. 1 — Petition for Writ of Mandamus

Docket Entry No. 16 — Respondents' Letter

Docket Entry No. 22 — Motion to Take Judicial Notice (Rule 201)

Forensic Findings:

Judicial notice requested of:

PSA formation date (2007)

Assignment execution date (2010)

Both facts derived from public, non-disputable records

Evidentiary Significance:

Chronological conflict formally presented in federal appellate record

Core factual contradiction preserved irrespective of mandamus outcome

## VII. CONSOLIDATED FORENSIC STRUCTURE

Record-Based Conditions

PSA does not identify subject loan in trust schedule

No evidence of loan transfer into trust at or prior to closing

Assignment executed in 2010 attempts to supply ownership evidence

Assignor entity was in FDIC receivership at time of execution

No authority established for execution of assignment

Bankruptcy claim asserts ownership without PSA-based evidence

Multiple entities assert rights to the same property

Property transferred despite unresolved ownership disputes

Original loan documents removed and replaced with copies in state proceedings

Record-Based Conclusion:

The evidentiary record reflects systematic reliance on a post-closing assignment instrument in place of documented transfer into the trust under the governing PSA.

CERTIFICATION

This index is based exclusively on documents filed in:

United States District Court (S.D.N.Y.)

United States Bankruptcy Court (S.D. Florida)

Florida State Court proceedings

United States Court of Appeals (Second Circuit)

and is submitted as a structured evidentiary roadmap for review under the False Claims Act and related federal statutes.

## VIII. PATTERN AND PRACTICE ANALYSIS OF FRAUDULENT INDYMAC-DEUTSCHE BANK ASSIGNMENTS

(Connection Between Individual Assignment at Issue and Broader Assignment Fraud Scheme)

### A. Overview and Scope

As documented in the False Claims Act (FCA) Disclosure Statement submitted to the DOJ, Relator Mario Mirabal has conducted comprehensive forensic analyses of mortgage assignments executed between IndyMac Bank, F.S.B. and Deutsche Bank National Trust Company. These analyses encompass four (4) specific assignments drawn from a sample of over 300 similar assignments discovered in Miami-Dade County Official Records alone, dated between 2010 and 2025.

The individual analysis of Relator's mortgage assignment (CFN: 2010R0438138, OR BK 27336 PG 3372) is demonstrably representative of the broader systematic pattern identified in these exhibits.

B. Exhibits and Forensic Analysis Overview

(Source: Relator's FCA Disclosure Statement, Exhibits A-D)

EXHIBIT A — DUQUE

Name(s):

Cesar A. Duque

Doroty Ronny Chacon Zabai

CFN: 20240675176

Book/Page: 34392 / 4147

Address: 8436 NW 113 Place, Doral, FL 33178

MortgageOrigin:

Originated by IndyMac Bank,F.S.B.

No publicly recorded assignment byFDIC,the lawful receiver as of July11,2008

ForeclosureCases:

CaseNo.09-15117-CA-01

Filed in 2009

Dismissed for lack of prosecution (June22,2010)

Case No.13-2013-CA-028634

Filed in 2013

Dismissed on November18,2014

Assignments& LisPendens:

LisPendens#1 recorded in 2009 (pre-dismissaloffirstcase)

LisPendens#2 recorded in2013 (corresponding to second suit)

Assignment dated 2024: MERS as nominee for IndyMac assigns the mortgage to DeutscheBank

The assignment omits the FDIC, and is executed  16 years after IndyMac ceased to exist.


EXHIBIT B — PEINADO

Name(s):

Casilda E. Peinado

Leopoldo E. Peinado

CFN: 20250080958

Book/Page: 34601 / 398

Address: 5725 SW 154 Ct, Miami, FL 33193

MORTGAG EORIGIN:

Original Lender:IndyM acBank,F.S.B.

Placed into FDIC receivership on July11,2008

No FDIC assignment recorded in the public record

COURTFILINGS:

LisPendensFiled:

April 5,2010

Voluntary Dismissal & Release of Lis Pendens:

Recorded on September9, 2010, ending the foreclosure litigation without judgment

Post-Reception Assignment of Mortgage:

Executed in 2025 by MERS as nominee for IndyMac Bank,F.S.B.

Assigns the mortgage to Deutsche Bank National Trust Company.

No mention of FDIC as prioror intermediate holder

PHH Mortgage Corporation identified in related documentation as servicer or affiliated party

This assignment takes place 17 years after Indynac ceased to exist


EXHIBIT C — BIRENCWAJG/MIRABAL

Name: Ariana Birencwajg

CFN: 20100438138

Book/Page: 27336 / 3372

Address: 563 W 49 St, Miami Beach, FL 33140

Original Lender: IndyM acBank,F.S.B.

IndyMac Failure: Placed into FDIC receivership on July11,2008

FDIC Role :Became the Legal successor to all IndyMac assets.

AssignmentofMortgage(2010)

Assignor:IndyMacBank,F.S.B.

Assignee: Deutsche Bank National Trust Company,asTrustee for IndyMac

INDX Mortgage Trust 2007-AR5

Signatory: Robo Signer - EricaJohnson-seck, signing as"Attorney in Fact for IndyMac Bank

Prepared by: Disbared David J. Stern, Esq.,

Recordedon: June30,2010 (Miami-DadeCounty,Florida)

A 2024 unlawful conveyance of Relator's homestead by PHH Mortgage while:

Relator wasunder bankruptcy protection.

ARule1.540(b)motion was pending against Deutsche Bank in state court.

An adversary proceedin gagainst Deutsche Bank was on going in bankruptcy court.

Discrepancies in claimed debt amounts, showing:

PHH Mortgage claimed nearly $1.3 milion in bankruptcy court.

Deutsche Bank listed an unpaid balance of only $108,000.

This suggests fraudulent inflation of claims for unjust enrichment

The 2010 assignment of mortgage was executed two years after IndyMac Bank failed and ceased to exist

EXHIBIT D — COMME

Name: Ruth Marcedes Comme (corrected spelling)

CFN: 2023705341

Book/Page: 33910 / 3700

Address: 10847 SW 68 Dr, Miami, FL

Assignment of Mortgage (October2023)

Document Type: Assignment of Mortgage

Recording Date: October 4, 2023

Prepared by: PHH Mortgage

Return to: PHH Mortgage C/O Nationwide Title Clearing,LLC

Assignor: MERS as nominee for IndyMacBank,F.S.B.

Assignee: Deutsche Bank National Trust Company

The assignment in 2023 by an entity that ceased to exist 15years earlier.

in the forclosure docket for this case -

"XXX OTHER: REQUEST REJECTED. NO ORIGINAL NOTE/MORTGAGE CAN BE RETURNED, FILE HAS BEEN DESTROYED AS OF 01/01/2014."

No original note/mortgage can be returned

They admit that they do not have the original promissory note or mortgage instrument.

"File has been destroyed as of 01/01/2014"

They claim- incredibly- that the loan file (which includes the note, mortgage,

possibly even the assignment history) was destroyed over a decade.

This is a direct admission that: Case 1:24-cv-24749-CMA Document 24 Entered on FLSD Docket 03/24/2025 Page 55 of 6 Deutsche Bank does not possess the original note or mortgage.

The entire file was destroyed nearly a decade before the 2023 assignment and foreclosure were initiated. 15 years after Indynac ceased to exist.

Each forensic analysis reveals uniform fraudulent indicia consistent with

Relator's individual mortgage assignment, confirming a deliberate, recurring pattern of fraudulent conduct and misuse of authority over a prolonged period.

C. Common Indicia of Fraud (Pattern Confirmation)

Analysis across the four (4) documented assignments consistently demonstrates the following systemic fraudulent characteristics:

Chronological Impossibility

Assignments consistently executed years after PSA trust closing dates.

Transfers occurred significantly after IndyMac Bank ceased operations due to FDIC receivership (July 2008).

Authority & Signature Fraud

Common unauthorized signatures (e.g., Erica A. Johnson-Seck) used without valid corporate or FDIC receivership authority.

Absence of documented corporate resolutions or powers of attorney validating signatory authority.

Structural Non-Compliance

Persistent absence of valid foundational documentation, especially Mortgage Loan Schedules.

Assignments not compliant with mandatory PSA terms, violating New York trust law (EPTL § 7-2.4).

FDIC Regulatory Violations

Systemic disregard of mandatory FDIC protocols for asset transfers post-bank receivership.

Unauthorized continuation of business activities by a non-operational assignor entity (IndyMac Bank, F.S.B.).

D. Correlation with Relator's Individual Assignment

The precise defects identified in Relator's mortgage assignment (June 10, 2010, CFN: 2010R0438138) are replicated verbatim across the 4 analyzed exhibits. This confirms that Relator's mortgage assignment is not an isolated case but part of a nationwide systemic scheme involving thousands of mortgage assignments, all executed fraudulently and unlawfully by the same entities (IndyMac Bank, F.S.B. and Deutsche Bank National Trust Company).

Given these detailed forensic studies, the Relator's assignment provides a critical benchmark evidencing a broader conspiracy and pattern and practice

of false claims, structural fraud, and violations of federal regulations and trust laws.

E. Investigative and Enforcement Recommendations

It is critical that the Department of Justice (DOJ) and Federal Bureau of Investigation (FBI) expand their scrutiny beyond the individual assignment to include the entire pool of IndyMac-to-Deutsche Bank assignments executed between 2008 and 2025 nationwide. Investigation must verify:

Consistent unauthorized execution by individuals without valid corporate or receivership authority.

Systematic violations of PSA deadlines and structural terms under New York law (EPTL § 7-2.4).

Ongoing violations of FDIC protocols concerning the post-receivership asset handling of IndyMac Bank, F.S.B.

Patterns indicating intentional, coordinated, and fraudulent conduct by Deutsche Bank, PHH Mortgage Corporation, and their foreclosure counsel (including prominent foreclosure mills such as the Law Offices of David J. Stern).

F. Evidence & Exhibits Reference

Exhibit A-D FCA Disclosure    DOJ Submission (Exhibits A-D)

Assignment  BK 27336 PG 3372 Miami-Dade County Official Records

PSA Analysis (Mirabal)  ECF No. 22 SDNY Case No. 1:25-cv-07423-LJL-OTW

DB Proof of ClaimClaims Register    BK Case No. 23-20131-CLC

## CONCLUDING CERTIFICATION

This comprehensive analysis conclusively documents that the Relator's individual assignment is emblematic of a fraudulent, systematic, nationwide scheme. The DOJ and FBI should take immediate investigative and enforcement action, utilizing this documentation to support a broader fraud investigation and False Claims Act enforcement.

## IX. DETAILED ANALYSIS OF RACKETEERING CONDUCT

(Identification of Federal Violations Under Civil and Criminal RICO Statutes)

A. Overview of Racketeering Activities

Deutsche Bank National Trust Company ("Deutsche Bank"), PHH Mortgage Corporation ("PHH"), and KP Investments Miami, LLC ("KP") have systematically engaged in racketeering activity through an intentional, coordinated pattern of fraudulent mortgage assignments recorded in official state property records (Miami-Dade County Official Records) and relied upon in judicial proceedings.

This scheme has involved:

Creation and Recording of Fraudulent Mortgage Assignments

Violation of FDIC Receivership Protocols and Regulations

Systematic Fraudulent Misrepresentation in Federal and State Courts

Conspiracy, Collusion, and Misuse of Corporate Entities (KP Investments, Miami LLC)

Wire and Mail Fraud in Furtherance of the Scheme

Obstruction of Justice through False and Fraudulent Filings

These activities clearly establish violations of Federal RICO statutes, both civilly actionable under 18 U.S.C. § 1964(c), and criminally actionable under 18 U.S.C. §§ 1961 and 1962.

B. Detailed Racketeering Conduct Violations

1. Fraudulent Assignment Scheme

Deutsche Bank and PHH systematically executed and filed fraudulent mortgage assignments for securitized loans, including approximately 300 assignments within Miami-Dade County alone. Each assignment falsely

represented transfers from IndyMac Bank, F.S.B. after FDIC receivership and after the relevant securitized trusts had closed.

Federal Statute Violations:

18 U.S.C. § 1341 (Mail Fraud): Filing fraudulent mortgage assignments in county property records through U.S. mail or similar interstate carriers.

18 U.S.C. § 1343 (Wire Fraud): Electronic filings and transmissions of fraudulent assignments to county recorders.

2. Systematic Violations of FDIC Regulations and Receivership Protocols

Assignments consistently represented transfers from IndyMac Bank post-July 11, 2008 FDIC receivership, when IndyMac ceased operating. No valid authority existed for any subsequent assignments after this date. Deutsche Bank and PHH knowingly violated federal regulations controlling FDIC asset management post-bank failure.

Federal Statute Violations:

12 U.S.C. § 1821(d) (FDIC Receivership Violations): Violating FDIC protocols by unauthorized representation of assignments from a closed and seized banking institution.

18 U.S.C. § 1001 (False Statements): False representation of authority and

ownership in federal (FDIC-related) asset documentation and court filings.

3. Violation of Federal Securities and Trust Laws

Deutsche Bank and PHH systematically violated PSA trust terms governed under New York Estates Powers & Trusts Law (EPTL § 7-2.4), involving securitized trust funds, specifically IndyMac INDX Mortgage Loan Trust 2007-AR5. Assignments were executed and filed years after the Trust's mandatory closing date, violating trust fund structuring under federal securities regulations.

Federal Statute Violations:

15 U.S.C. §§ 77q(a), 78j(b) (Securities Fraud): Fraudulent statements and omissions concerning securitized mortgage asset status under Trust documents.

18 U.S.C. § 1348 (Securities and Commodities Fraud): Fraudulent manipulation of securitized mortgage asset documentation under federal securities regulations.

4. Perjury, False Representation, and Obstruction of Justice in Judicial Proceedings

Deutsche Bank, PHH, and their foreclosure attorneys repeatedly filed fraudulent assignments and false affidavits in multiple judicial proceedings (federal bankruptcy courts, state foreclosure and ejectment actions).

KP Investments Miami, LLC and its agent Carlos Perez provided fraudulent affidavits, perjured testimony, and false representations under oath in state court proceedings.

Federal Statute Violations:

18 U.S.C. § 1621 (Perjury): False sworn statements by KP Investments' agents.

18 U.S.C. § 1503 (Obstruction of Justice): Submission of knowingly fraudulent documents and affidavits to obstruct proper judicial administration.

18 U.S.C. § 371 (Conspiracy to Commit Federal Offense or Defraud the United States): Conspiracy among Deutsche Bank, PHH, KP Investments, and related attorneys to defraud courts and obstruct justice.

5. Interstate and Foreign Commerce Violations (Carlos Perez - KP Investments, Miami LLC)

KP Investments Miami LLC functioned as an illicit intermediary and proxy entity, enabling Deutsche Bank and PHH to carry out unlawful conveyances, fraudulent foreclosures, and property acquisitions. KP's agent, Carlos Perez, a foreign national, repeatedly provided false testimony in state courts, deliberately falsified foreclosure records, and fraudulently acquired Relator's homestead property using illicit funds.

Federal Statute Violations:

18 U.S.C. §§ 1956-1957 (Money Laundering): Illegal financial transactions related to fraudulent real estate conveyances.

18 U.S.C. § 1962(c)-(d) (RICO Violations - Conduct and Conspiracy): KP Investments acting as an intermediary in interstate fraudulent real estate transactions, property transfers, and money laundering activity.

18 U.S.C. § 1546 (Visa and Immigration Fraud): Potential false representation in U.S. immigration documents tied to foreign national Carlos Perez conducting illicit activities under KP Investments Miami LLC.

6. Pattern and Practice of Racketeering Activity (RICO)

Over a documented period (2008-2025), Deutsche Bank, PHH, and KP Investments coordinated and executed fraudulent schemes involving numerous illegal transactions, false filings, and unlawful court proceedings. This extended and systematic behavior satisfies the "pattern and practice" requirement under 18 U.S.C. § 1961(5), clearly establishing a RICO enterprise engaging in ongoing illegal activities affecting interstate commerce.

C. Federal RICO Statutes Implicated (Summary)

The documented scheme implicates a clear violation of:

18 U.S.C. § 1962(c) (Conducting affairs through a pattern of racketeering activity).

18 U.S.C. § 1962(d) (Conspiracy to commit RICO violations).

Predicate acts include Mail Fraud, Wire Fraud, Perjury, Securities Fraud, Money Laundering, Obstruction of Justice, Visa Fraud, and FDIC regulatory violations.

## D. Summary and Investigative Recommendations

The Department of Justice (DOJ) and Federal Bureau of Investigation (FBI) should immediately investigate the detailed pattern of criminal racketeering conduct identified. The clear existence of a RICO enterprise and racketeering scheme justifies urgent criminal enforcement actions against Deutsche Bank National Trust Company, PHH Mortgage Corporation, Carlos Perez - KP Investments Miami LLC, and involved foreclosure law firms and individuals.

## E. Comprehensive Exhibits and Evidence Index

Stern Assignment (2010) Fraudulent Mortgage Assignment     OR BK 27336 PG 3372

Deutsche Bank Proof of Claim  Fraudulent documentation     BK Case No. 23-20131-CLC

FCA Disclosure Exhibits (A-d) 4 Assignments Fraud Analysis  DOJ FCA

Disclosure Filing

KP Warranty Deed Fraudulent Conveyance of Homestead OR BK 33460 PG 2232

Carlos Perez Deposition  Perjury, False Testimony Appeal Record (2022)

PSA (2007-AR5)  Trust and securities law violations    SDNY 1:25-cv-07423-LJL-OTW

SDNY Forensic Filing    Computational Fraud Analysis  SDNY 1:25-cv-07423-LJL-OTW

## X. OVERT ACTS OF THE RICO ENTERPRISE: WITNESS RETALIATION AND ILLICIT PROCEEDS (18 U.S.C. § 1513 & 18 U.S.C. § 1964)

Introduction

The economic devastation inflicted upon the Relator is not presented herein as a private civil grievance, but rather as direct evidentiary proof of the illicit proceeds generated by the RICO enterprise. The coordinated deprivation of the Relator's property by Deutsche Bank, PHH Mortgage, and KP Investments Miami LLC constitutes an overt act in furtherance of the conspiracy, designed both to unjustly enrich the enterprise and to retaliate against a federal whistleblower.

Applicable Federal Criminal Framework

The conduct resulting in the seizure and transfer of the Relator's homestead implicates the following federal enforcement statutes:

Witness Retaliation (18 U.S.C. § 1513): The unlawful ejectment and coordinated financial draining of the Relator were executed in direct response to, and in retaliation for, the Relator's protected disclosures under

the False Claims Act.

RICO Forfeiture and Civil Remedies (18 U.S.C. § 1963 & § 1964): The equity stripped from the subject property constitutes the illicit, laundered proceeds of the racketeering enterprise, making it subject to federal asset forfeiture and mandatory treble damages.

Obstruction of Justice (18 U.S.C. § 1503): The enterprise intentionally forced the Relator into years of costly litigation—using fraudulent instruments—to financially exhaust him and obstruct his ability to expose the underlying FCA violations.

Quantification of the Enterprise's Illicit Proceeds and Retaliatory Harm

The DOJ and FBI can readily quantify the minimum financial scope of the racketeering activity regarding this single property alone. The enterprise has successfully laundered and extracted a conservatively estimated $2,300,000.00 through this overt act, calculated as follows:

Illicitly Acquired Asset Value ($1,800,000): KP Investments Miami LLC currently holds title to the subject property, acquired strictly through reliance on the void, fraudulent 2010 assignment. Current market valuation (supported by publicly available 2026 real estate data) confirms the enterprise has successfully laundered a physical asset worth approximately $1.8 million.

Retaliatory Financial Deprivation ($500,000): The enterprise weaponized the judicial system, forcing the Relator to expend approximately $500,000 in actual attorney fees, litigation expenses, and pro se costs between 2008 and 2026. This was a deliberate tactic to obstruct justice and drain the resources

of the whistleblower.

Strategic Clarification for Federal Investigators

By isolating the financial mechanics of this specific property transfer, federal investigators are provided with a complete, closed-loop example of how the enterprise operates. The fraudulent 2010 assignment was the catalyst; the state court ejectment was the mechanism; and the $1.8 million property now held by KP Investments is the illicit proceed.

Because these damages stem directly from documented racketeering violations, they provide the DOJ with an immediate, statutory basis for federal asset seizure, treble damages under civil RICO, and criminal prosecution for witness retaliation.

Forensic Evidentiary Index for Overt Acts

BK Docket No. 71 & 135: KP Investments' motions and notices effectuating the sale and transfer of the property during active federal litigation.

Warranty Deed (OR Book 33445, Page 4877): The final recording instrument laundering the property into the possession of KP Investments.

Adversary Complaints (BK Case Nos. 24-01418-CLC & 24-01419-CLC): Documenting the weaponization of the bankruptcy courts to enforce the fraudulent assignment.

SDNY Rule 60 Filings (Case No. 1:25-cv-07423-LJL-OTW): Documenting

the Relator's active attempts to alert the federal judiciary, triggering the retaliatory acceleration of the ejectment.

## XI. FDIC REIMBURSEMENT AND FEDERAL LOSS EXPOSURE ANALYSIS

(IndyMac Bank, F.S.B. — Receivership / Shared-Loss Framework)

### A. Introduction

This section identifies objective indicators that the mortgage loans reflected in Exhibits A–D were subject to prior loss recognition, reimbursement claims, or federal disbursements following the FDIC receivership of IndyMac Bank, F.S.B. on July 11, 2008.

The forensic patterns identified below are highly consistent with loans that were previously treated as defaulted or non-performing—triggering federal reimbursement activity under FDIC Shared-Loss Agreements—and later unlawfully reintroduced into active enforcement through fabricated assignment instruments. This conduct presents a severe risk of double recovery, material misrepresentation of asset status, and the systematic abuse of federal loss frameworks.

### B. Exhibit Forensic Exposure Assessments

### EXHIBIT A — DUQUE

(CFN: 20240675176 | Book 34392, Page 4147)

Key Indicators:

Mortgage originated by IndyMac Bank, F.S.B.

No recorded transfer from the FDIC as lawful receiver.

Foreclosure initiated in 2009 and dismissed in 2010.

Second foreclosure initiated in 2013 and dismissed in 2014.

Assignment executed in 2024 from MERS (as nominee for IndyMac) to Deutsche Bank—sixteen (16) years after IndyMac ceased operations.

Assessment: The pattern of early foreclosure activity, followed by dismissal, prolonged dormancy, and a sudden 2024 assignment suggests prior internal resolution or loss treatment. The asset's enforceability was subsequently reconstructed post-receivership.

FDIC Loss / Reimbursement Exposure: HIGH

EXHIBIT B — PEINADO
(CFN: 20250080958 | Book 34601, Page 398)

Key Indicators:

Mortgage originated by IndyMac Bank, F.S.B.

No recorded transfer from the FDIC.

Foreclosure initiated in 2010, voluntarily dismissed, and Lis Pendens released without judgment.

Assignment executed in 2025 from MERS (as nominee for IndyMac)— seventeen (17) years after IndyMac ceased operations.

PHH Mortgage Corporation identified as active servicer.

Assessment: Early foreclosure initiation followed by voluntary dismissal and extreme long-term dormancy (15 years), combined with a 2025 assignment, is highly consistent with a loan that underwent prior FDIC loss processing, only to be later reactivated through fabricated title documentation.

FDIC Loss / Reimbursement Exposure: VERY HIGH

EXHIBIT C — BIRENCWAJG / MIRABAL (Relator)

(CFN: 2010R0438138 | Book 27336, Page 3372)

Key Indicators:

Mortgage originated by IndyMac Bank, F.S.B.

Assignment executed in 2010 (post-receivership) to assert transfer into a closed 2007 securitized trust.

PHH Mortgage asserted a bankruptcy claim of approximately $1.3 million, while Deutsche Bank records reflect an unpaid balance of only $108,000.

Ongoing enforcement and conveyance actions executed during active federal litigation.

Assessment: The combination of a void post-receivership assignment, massive inconsistencies in debt reporting, and aggressive enforcement raises a substantial likelihood of prior federal loss recognition, followed by the reassertion of inflated claims for unjust enrichment.

FDIC Loss / Reimbursement Exposure: VERY HIGH

EXHIBIT D — COMME
(CFN: 2023705341 | Book 33910, Page 3700)

Key Indicators:

Assignment executed in 2023 from MERS (as nominee for IndyMac) to Deutsche Bank—fifteen (15) years after IndyMac ceased operations.

Prepared by PHH Mortgage.

Court records reflect an explicit admission that the original note and mortgage file were "destroyed as of January 1, 2014."

Repeated foreclosure sale cancellations and procedural irregularities.

Assessment: This exhibit demonstrates undeniable post-receivership assignment fabrication to replace intentionally destroyed or missing original documentation.

FDIC Loss / Reimbursement Exposure: MODERATE TO HIGH

C. Pattern Indicators and Conclusion

Across all four properties, the evidentiary record reveals a synchronized pattern of conduct:

Assignments executed by or on behalf of a defunct institution (IndyMac) years after FDIC receivership.

The total absence of any recorded transfer from the FDIC, the only lawful successor to IndyMac assets.

The reliance on MERS to create post hoc assignments to bypass the FDIC

chain of title.

Sudden assignment activity following years of dormant litigation or prior foreclosure dismissals.

Reliance on reconstructed, fabricated, or "destroyed" documentation to assert standing.

Conclusion:

These indicators are consistent with a broader, systemic scheme involving the prior recognition of defaulted loans, the subsequent reintroduction of those loans into active enforcement through unauthorized assignments, and the potential double recovery of funds through both federal FDIC loss-share mechanisms and subsequent civilian foreclosure enforcement.

This exposure necessitates targeted federal investigation, specifically the immediate audit of FDIC loss-share claims, reimbursement requests, and disbursement ledgers associated with the identified properties.

XII. REQUEST FOR DOJ-FDIC INVESTIGATIVE COORDINATION

The Relator respectfully requests the Department of Justice to formally coordinate with the FDIC in obtaining and verifying the following records crucial to establishing federal False Claims Act violations and supporting federal RICO investigations:

Loss-Share Payment Certificates or Reimbursement Claims submitted by

Deutsche Bank, PHH Mortgage, or associated entities for losses connected to the four identified properties (Exhibits A-D).

FDIC Disbursement Ledgers or official accounting records evidencing payouts to Deutsche Bank, PHH Mortgage, or any affiliated servicing entities for losses claimed against the identified properties, under IndyMac Bank Shared-Loss Agreements.

The above FDIC records are essential to conclusively verify that Deutsche Bank and PHH Mortgage fraudulently claimed losses and received federal funds based on assets they knowingly misrepresented as valid and lawful securitized trust acquisitions.

## XIII. SPECIFIC PROPERTIES FOR FDIC RECORDS REQUEST:

Cesar A. Duque

Doroty Ronny Chacon Zabai

CFN: 20240675176

Book/Page: 34392 / 4147

Address: 8436 NW 113 Place, Doral, FL 33178

Casilda E. Peinado

Leopoldo E. Peinado

CFN: 20250080958

Book/Page: 34601 / 398

Address: 5725 SW 154 Ct, Miami, FL 33193

Ariana Birencwajg

CFN: 20100438138

Book/Page: 27336 / 3372

Address: 563 W 49 St, Miami Beach, FL 33140

Ruth Marcedes Comme

CFN: 2023705341

Book/Page: 33910 / 3700

Address: 10847 SW 68 Dr, Miami, FL

JUSTIFICATION:

These FDIC-specific accounting records will substantiate the allegations of federal False Claims Act violations, financial fraud, and unlawful receipt of federal payments, thereby providing critical and irrefutable support for Relator's FCA and RICO claims.

## XIV. COMPUTATIONAL FORENSIC FRAUD ANALYSIS

Objective

To determine whether the assignment of Plaintiff's mortgage, recorded in 2010 (and numerous similar assignments recorded after the trust's closing date between 2009 - 2025 ) and executed by purported agents of IndyMac, was legally valid under the 2007 PSA governing the IndyMac INDX

Mortgage Loan Trust 2007-AR5 and New York trust law.

Method

Any modern text-based intelligent computational analysis tool can perform this test.

Upload the following:

The full Pooling & Servicing Agreement

https://www.sec.gov/Archives/edgar/data/1391721/000090514807003205/0 000905148-07-003205.txt

AND

The 2010 Assignment of Mortgage

Miami-Dade

CFN 2010R0438138

DR Bk 27336 Pg 3372

Then ask with this simple comparative prompt:

" Compare this 2007 Pooling and Servicing Agreement (which governs a securitized mortgage trust under New York law) with this 2010 Assignment of Mortgage. Based on the terms of the PSA and applicable New York trust law (EPTL § 7-2.4), does the assignment appear valid? Was the assigning entity legally authorized to issue this transfer at that time? "

The PSA closed in 2007.

IndyMac was placed into FDIC receivership in July 11, 2008.

The assignment is dated 2010.

The result will reveal — within minutes — that the assignment contradicts the PSA's mandatory closing timelines and trust conveyance structure.

Respectfully submitted,

/s/ Mario Mirabal

Mario Mirabal, Pro Se

563 W. 49th Street

Miami Beach, FL 33140


Maling Address

1026 sw 2nd AVE #304

Miami FL 33130


solphax@gmail.com

03.22.2026